IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01156-WJM-BNB

JOSHUA TEJAN,

Plaintiff,

v.

SUSAN JONES, Warden, FCF,
JOE ORTEZ, Executive Director, DOC 2004,
ARISTEDES ZAVARAS, Executive Director, DOC 2010,
RUSTY LANDER, SOTMP Coordinator, FCF, and
DANA BUSTOS, SOTMP Hearing Officer,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Prisoner Complaint on May 3, 2012 [Doc. #1] (the "Complaint"). He lists as a defendant "Joe Ortiz, DOC Executive Director, 2004." He lists Mr. Ortiz's address as 2862 So. Circle Drive, Colorado Springs, Colorado.

The United States Marshal obtained a Waiver of Service of Summons for two of the defendants from Teresa Reynolds, Legal Services Group Leader for the Colorado Department of Corrections ("DOC") [Doc. #12]. Ms. Reynolds did not waive and accept service for defendant Ortiz. Ms. Reynolds explained that defendant Ortiz is no longer a DOC employee. She provided a forwarding address for defendant Ortiz on W. Rainbow Creek Rd, Sedalia, Colorado.

On August 10, 2012, the Marshal filed a Process Receipt and Return [Doc. #16] which indicates that service was attempted on Mr. Ortiz at the Sedalia address on July 6, 2012. The Marshal was unable to serve Mr. Ortiz because, according to the current resident at the Sedalia address, Mr. Ortiz has not lived there for at least 4 years.

I ordered the plaintiff to show cause on or before September 24, 2012, why the Complaint should not be dismissed as against defendant Ortiz for failure to prosecute. See D.C.COLO.LCivR 41.1. I warned the plaintiff that in the event no such showing was made, I would enter a recommendation to the district judge that the action be dismissed, without prejudice, as against defendant Ortiz for failure to prosecute.

The plaintiff did not respond to the show cause order. Accordingly,

I respectfully RECOMMEND that the Complaint be dismissed as to defendant Joe Ortiz for failure to prosecute.[1]

Dated October 29, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).