IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01156-WJM-BNB

JOSHUA TEJAN,

Plaintiff,

v.

SUSAN JONES, Warden, FCF,
ARISTEDES ZAVARAS, Executive Director, DOC 2010,
RUSTY LANDER, SOTMP Coordinator, FCF, and
DANA BUSTOS, SOTMP Hearing Officer,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendants' **Motion to Dismiss** [Doc. #19, filed 08/20/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-

TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Fremont Correctional Facility.  He filed his Prisoner Complaint on May 3, 2012 [Doc. #1] (the "Complaint").  The Complaint contains the following allegations:

1.  The plaintiff is currently serving an aggregate sentence of 28 years as a result of his guilty plea to charges of Aggravated Robbery and 1st Degree Assault with a Deadly Weapon with Injury.  *Complaint*, p. 4.[1]

2.  Upon arrival to the DOC, it was determined that the plaintiff would be labeled as a sex offender and that he would be required to participate in sex offender specific treatment pursuant to Administrative Regulation ("AR") 700-19.  Id. at pp. 4-5.

3.  The plaintiff requested and received a hearing regarding his sex offender label.  Id. at p. 5.  Defendant Diane Bustos conducted the hearing in 2000.  Id. at pp. 5, 13.  After a confrontation with the plaintiff, Ms. Bustos asked the plaintiff to leave the room and wait outside.  The hearing was conducted in the plaintiff's absence.  All of the plaintiff's requested witnesses were denied.  The plaintiff was found to be "in need of treatment."  Id. at p. 5.

4.  The plaintiff denies that he has ever been convicted of a sex offense.  The DOC and the Sex Offender Treatment and Monitoring Program have placed the plaintiff in the "denial" category of "S-4."  Consequently, the plaintiff has lost earned time credits; access to parole; the opportunity to progress to community placement; and the opportunity to progress to  to a less

---

[1]The Complaint is not consecutively paginated.  Therefore, I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

secure facility.  Id.  He was denied earned time credits from January 2000 through June 2009. Id. at pp. 9, 15.

     5.   The plaintiff has been placed on the "Global Referral List" for treatment.  Because he has never been convicted of a sex offense and has a mandatory discharge date, he "will be held in abeyance" and the classes will always be full of convicted sex offenders serving indeterminate sentences.  Id. at p. 5.  He has been on the Global Referral List for at least eight years.  Id. at pp. 5, 13, 15.

     6.   Because of his sex offender status, the plaintiff will be required to register as a sex offender upon his release from prison.  If he fails to register, he will be charged with a Class 6 felony and be sent back to prison "to tediously repeat the same process."  Id. at p. 6.

The Complaint asserts three claims for relief.  Claim One alleges that enforcement of AR 700-19 violates the plaintiff's right to be free from self-incrimination.  Id. at p. 8.  Claim Two alleges that the plaintiff's classification as a sex offender has forced him to endure stigma and the possibility of being assaulted in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  Id. at p. 10.  Claim Three alleges that the plaintiff was labeled a sex offender in violation of his due process rights.[2]  Id. at pp. 11-13.

The plaintiff seeks an order removing his name "from any and all DOC documents that associate him with being a sex offender"; restoration of his earned time; a federal investigation into the DOC's use of the Global Referral List; and an order enjoining the DOC from enforcing

---

[2] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

4

AR 700-19 against administratively determined sex offenders.  He also seeks declaratory relief, compensatory damages, and punitive damages.  Id. at p. 15.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

#### A.  Eleventh Amendment Immunity

The defendants assert that the plaintiff's claims against them for damages in their official capacities are barred by Eleventh Amendment immunity.  *Motion*, pp. 3-4.  The defendants present a facial challenge to the Complaint.  Therefore, I accept the allegation s in the Complaint as true.  Holt, 46 F.3d 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state.  Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).  Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction."  Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted).  Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983.  Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102-03,105-06 (1984).  Defendants

Jones, Zavaras, and Lander are employed by the DOC.[3] *Complaint*, pp. 2-3. The DOC is an agency or subdivision of the State of Colorado. Consequently, the Eleventh Amendment bars suit against these defendants in their official capacities for retroactive monetary relief.

The Motion should be granted insofar as it seeks dismissal of the plaintiff's claims against defendants Jones, Zavaras, and Lander in their official capacities for retroactive monetary relief based on Eleventh Amendment immunity.

### B.  Statute of Limitations

The defendants assert that the plaintiff's claims are barred by the statue of limitation. *Motion*, pp. 4-5. "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations questions may, therefore, be appropriately resolved on a Fed.R.Civ.P. 12(b) motion." See, e.g., Aldrich v. McColloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (citations omitted); Escobar v. Reid, 668 F.Supp.2d 1260, 1287 (D.Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to [the p]laintiff to establish a later accrual date of the statute of limitations or to show that there is a basis to toll the accrual date").

Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265

---

[3] The plaintiff alleges that defendant Bustos is an employee of a privately run prison. *Complaint*, p. 5. Therefore, it is unclear whether she is entitled to Eleventh Amendment immunity. See Richardson v. McKnight, 521 U.S. 399, 412 (1997) ("[P]rivate prison guards, unlike those who work directly for the government, do not enjoy immunity from suit in a § 1983 case").

6

(10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; section 13-80-102, C.R.S. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

All of the plaintiff's claims arise from his classification as a sex offender and the determination that he is required to participate in sex offender treatment. He alleges that he was classified as a sex offender requiring treatment in 2000. The plaintiff did not initiate this action until 2012--ten years after the statute of limitation expired. Therefore, this action is barred by the statute of limitation unless the limitation period is subject to tolling.

The issue of tolling is governed by Colorado state law. Id. at 675. Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). Colorado's statutory tolling provisions apply only to "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian." C.R.S. §§ 13-81-101, 103.

The plaintiff does not address the statute of limitation nor does he argue that he is entitled tolling. Accordingly, the Motion should be granted and the Complaint should be dismissed.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be dismissed.[4]

Dated January 24, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).