# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 12-cv-01156-WJM-BNB

JOSHUA TEJAN,

    Plaintiff,

v.

SUSAN JONES, Warden, FCF,
JOE ORTIZ, Executive Director, DOC 2004,
ARISTEDES ZAVARAS, Executive Director, DOC 2010,
RUSTY LANDER, SOTMP Coordinator, FCF, and
DANA BUSTOS, SOTMP Hearing Officer,

    Defendant.

## ORDER ADOPTING RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DENYING MOTION TO AMEND

This matter is before the Court on the January 24, 2013 Recommendation of United States Magistrate Judge Boyd N. Boland (the "Recommendation") (ECF No. 31) that Defendants' Motion to Dismiss (ECF No. 19) be granted and the case be dismissed. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 31, at 8 n.4.) Despite this advisement, no objections to the Magistrate Judge's Recommendation have to date been filed by either party. Because no objections to the Recommendation were filed, the Court reviews the Magistrate Judge's analysis for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

In the Motion to Dismiss, Defendants argue that Plaintiff's claims are barred by 42 U.S.C. § 1983's two-year statute of limitations. (ECF No. 19 at 4.) Plaintiff's opposition to the Motion failed to address the statute of limitations, much less argue for any sort of tolling. (ECF No. 30.) The Magistrate Judge found that Plaintiff's claims were barred the statute of limitations and recommended that this action be dismissed on that basis. (ECF No. 31 at 7.) The Court agrees with the Magistrate Judge's analysis and finds that Plaintiff's claims are barred by the statute of limitations. Therefore, the Court adopts the Recommendation and grants Defendant's Motion to Dismiss.

In lieu of an objection to the Recommendation, Plaintiff filed a Motion for Leave to Amend Complaint. (ECF No. 35.) Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff's Motion to Amend provides no indication of how he would amend his claims and makes no attempt to show how any such amendment would circumvent the statute of limitations. (ECF No. 35.) The Court finds that, because Plaintiff's claims are barred by the statute of limitations, allowing Plaintiff to file an amended complaint would

be futile.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (affirming district court's denial of leave to amend when any such amended claims would be barred by the statute of limitations).  Therefore, the Court denies Plaintiff's Motion for Leave to Amend Complaint.

      For the reasons set forth above, the Court ORDERS as follows:

1.     The Magistrate Judge's Recommendation (ECF No. 31) is ADOPTED;

2.     Defendants' Motion to Dismiss (ECF No. 19) is GRANTED;

3.     Plaintiff's Motion for Leave to Amend Complaint (ECF No. 35) is DENIED; and

4.     The Clerk shall enter judgment in favor of Defendants on Plaintiff's claims.  All parties shall bear their own attorney's fees and costs.

      Dated this 25th day of February, 2013.

BY THE COURT:

William J. Martínez
United States District Judge